# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BOARDS OF TRUSTEES OF THE                )
SHEET METAL WORKERS LOCAL                )
UNION NO. 12 COMBINED FUNDS,             )
BOARDS OF TRUSTEES OF THE SHEET)
METAL WORKERS' NATIONAL                  )
PENSION FUND, BOARD OF TRUSTEES)
OF THE INTERNATIONAL TRAINING    )     CIVIL ACTION NO. 05-259J
INSTITUTE FOR THE SHEET METAL    )
AND AIR CONDITIONING INDUSTRY,   )
BOARD OF TRUSTEES OF THE                 )
NATIONAL ENERGY MANAGEMENT      )
INSTITUTE COMMITTEE, THE                  )
BOARD OF TRUSTEES OF THE SHEET   )
METAL OCCUPATIONAL HEALTH          )
INSTITUTE TRUST FUND, and                  )
SHEET METAL WORKERS' LOCAL          )
UNION NO. 12, a/w SHEET METAL         )
WORKERS INTERNATIONAL                    )
ASSOCIATION,                                            )
                                                                      )
              Plaintiffs,                              )
                                                                      )     JUDGE GIBSON
   v.                                                           )
                                                                      )
TQA FABRICATIONS, INC., ERIC               )
PORTER and LIBERTY MUTUAL                )
INSURANCE COMPANY,                              )
                                                                      )
              Defendants.                          )

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on Defendant Liberty Mutual Insurance Company's Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 7) and accompanying Brief in Support (Document No. 17) and Defendant Porter's Motion to Dismiss Pursuant to The Federal Rules of Civil Procedure, Rule 12(b)(6) (Document No. 30) and Brief in Support (Document No. 31). For the reasons stated herein, the Motions are granted.

This Court has subject matter jurisdiction over the federal claims in the case *sub judice* pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132(e), and 29 U.S.C. § 185(a) and the state law claims pursuant to 28 U.S.C. § 1367(a). Venue is proper in this district pursuant to 28 U.S.C. 1391(b), but venue is at issue in one of the present motions.

Plaintiffs are administrators of "multiemployer benefit plans" and a labor organization (hereinafter "Plaintiffs") located in Pittsburgh, Pennsylvania and Alexandria, Virginia. Complaint (hereinafter "C.") ¶¶ 3-5. Defendant TQA (hereinafter "TQA") is a contractor /subcontractor in the HVAC industry located in Clearfield, Pennsylvania and Defendant Porter (hereinafter "Porter") is the president and an officer of TQA and a resident of Pennsylvania. C. ¶¶ 8-9. Defendant Liberty Mutual Insurance Company (hereinafter "Liberty") is a "casualty insurance company...licensed and doing business in the Commonwealth of Pennsylvania." C. ¶ 10.

TQA and the Plaintiffs entered into a collective bargaining agreement (hereinafter "CBA") which required TQA to contribute a certain amount of money to the Plaintiffs for each hour worked by

Plaintiffs[1] under a subcontract entered into between TQA and Allied Mechanical and Electric (hereinafter "Allied") to perform the HVAC work on a construction project for two residence halls on the campus of the Pennsylvania State University in State College, Centre County, Pennsylvania. C. ¶¶ 12-13, 15, 21-23, 26-27. Turner Construction Company (hereinafter "Turner") was the general contractor for the project in question and subsequently contracted with Allied to perform certain portions of the construction work, including HVAC work, which Allied subcontracted to TQA. C. ¶¶ 22-23, 26. "Allied executed and became Principal to two (2) Multiple Obligee Labor and Material Payment bonds (the "L&M Bonds"), guaranteeing among other things, the payment for all work and labor performed on the project[]...under Allied's contract with Turner." C. ¶ 24. TQA employed Plaintiffs to perform the HVAC work. C. ¶ 27. TQA failed to make the required payments to the Plaintiffs from July 2003 forward and this resulted in an amount of at least $112,258.49 being owed to the Plaintiffs for their work on the project. C. ¶¶ 14, 17. The Plaintiffs allege that Porter is the alter ego of TQA. C. ¶ 18. Plaintiffs also filed this civil action against Liberty to recover under the L&M Bonds for the money owed to them as a result of TQA and Porter's failure to pay under the CBA.

## Analysis

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12( b)(6):

> the district court [is] required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant. *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989); *D.P. Enters., Inc. v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir.1984). In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record. Moreover, a case should not be dismissed for

---

[1] The hours worked are actually performed by workers who are members of the Sheet Metal Workers International Association but for purposes of this opinion the hours worked are attributed to Plaintiffs.

> failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232-33, 81 L.Ed.2d 59 (1984); *D.P. Enters.*, 725 F.2d at 944.

*Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). The defendant bears the burden to demonstrate that the complaint fails to state a claim. *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000) citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

In deciding a Rule 12(b)(6) motion to dismiss, a court does not have to accept or give credit to "bald assertions," "legal conclusions," "unsupported conclusions," "unwarranted inferences," "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual conclusions." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997)(citations omitted); *see also Pennsylvania House, Inc. v. Barrett,* 760 F.Supp. 439, 449-450 (M.D.Pa. 1991).

In considering a motion to dismiss, the court is not deciding the issue of whether a plaintiff will ultimately prevail, but is deciding if the plaintiff is entitled to offer evidence to support claims. *See Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996).

> [D]ismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim. A district court's refusal to

> allow leave to amend is reviewed for abuse of discretion by the court of appeals. A wise judicial practice (and one that is commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief.

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (3d ed. 2004)(footnotes omitted). In the case *sub judice*, the Court cannot assume that the Plaintiffs can prove any fact that is not alleged. *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263, n. 13 (3d Cir. 1998) citing *Associated General Contractors of California v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723, 731 (1983).

### Liberty's Motion

Liberty moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) or in the alternative, 12(b)(3) because of the Plaintiffs' choice to sue in the Western District of Pennsylvania, rather than in the Middle District of Pennsylvania where Liberty claims an action under the L&M Bonds must be brought. Liberty cites to the following clause in the L&M Bonds purchased by Allied to support its argument:

> 3)   No suit or action shall be commenced hereunder by any Claimant:
>
> ***
>
> c)   Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part hereof, is situated, and not elsewhere.

Liberty's Reply Brief (Document No. 25), Exhibits "A" and "B." "Project" is defined under the L&M Bonds as "for and at the Redifer Commons Hall" and "for and at the PSU Eastview Terrace Housing,"

5

the two buildings where the Plaintiffs performed their HVAC work. Liberty's Reply Brief, Exhibits "A" and "B." Because each "Project" in both L&M bonds was located in Centre County, Pennsylvania, a location within the United States District Court for the Middle District of Pennsylvania, Liberty seeks dismissal of the present civil action as it relates to Liberty, or in the alternative, a transfer of venue to the proper Court.

Plaintiffs present several arguments in opposition to Liberty's position: 1) Liberty has failed to support its argument with evidence in the record; 2) if the Court finds that such evidence is of record, the current motion must be converted to a motion for summary judgment under Rule 56; 3) the forum selection clause is unenforceable and non-binding on the Plaintiffs; and 4) if the Court grants Liberty's motion, transfer of this matter to the correct venue is preferred over dismissal of the civil action.

As to the first argument, Liberty has attached the L&M Bonds in question to its reply brief as Exhibits "A" and "B" and the Court recognizes that such bonds are the basis for the Plaintiffs bringing this civil action against Liberty as claimants under these bonds in Count II of the Complaint. C. ¶¶ 20-28. There has been no objection to the authenticity of these documents by the Plaintiffs. Therefore, the Court finds that, in accordance with *Steinhardt Group, Inc., et al., v. Citicorp., et al.*, 126 F.3d 144, 145 (3d Cir. 1997) it may rely on these exhibits as Liberty has made them a part of its Rule 12(b)(6) Motion, they are authentic and the Plaintiffs' claims rest upon such exhibits. The next question is whether allowing such exhibits to be considered converts the present motion to a motion for summary judgment under Rule 56. The Court concludes that it does not.

The Court finds that Liberty's reliance upon *U.S. Express lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir 2002), citing *In re Burlington Coat Factory Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997),

is sound. Because the Plaintiffs have relied upon the L&M Bonds in making their claim against Liberty and Liberty has made such authenticated bonds a part of the record for its motion to dismiss, this matter is not converted into a Rule 56 motion for summary judgment as a result of an introduction of matters outside of the pleading, rather the bonds in essence form a part of the complaint even though they were not attached to the complaint.

Moving to the third argument of whether the forum selection clause in the L&M Bonds is enforceable and binding upon the Plaintiffs, the Court concludes that it is enforceable and binding upon the Plaintiffs. As indicated above, the term "project" is defined within the L&M Bonds at issue and the location of the project is within the jurisdiction of the United States District Court for the Middle District of Pennsylvania. Such a forum selection clause is presumptively valid unless it is proven by the party opposing the clause to be "unreasonable and unjust" in its enforcement, "or that the clause was invalid for such reasons as fraud or overreaching." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513, 523 (1972). Forum selection clauses can also be found unenforceable when the choice of forum is proven to be inconvenient, but the party seeking invalidation of the clause bears "a heavy burden of proof" to demonstrate the contract was adhesive or that a certain controversy was not considered when drafting the forum selection clause. *Id.* at 16-17, 92 S.Ct. 1916-1917, 32 L.Ed. 513, 524 (1972).

The Third Circuit has also upheld forum selection clauses unless the choice of forum would "seriously impair the plaintiff's ability to pursue his cause of action" and unreasonableness does not come in the form of "[m]ere inconvenience or additional expense." *Anastasi Bros. Corp. v. St. Paul*

7

*Fire and Marine Ins. Co.*, 519 F.Supp 862, 863-864 (E.D.Pa. 1981). As in *Anastasi*, the Plaintiffs in the case *sub judice* are suing Liberty as third party beneficiaries under the L&M Bonds issued by Liberty, which were expressly drawn to permit suits by the Plaintiffs who are claimants for labor and materials that were not paid for in full. *See Knecht, Inc. v. United Pacific Ins. Co*, 860 F.2d 74, 79 (3d Cir. 1988); *see also* 13 WILLISTON ON CONTRACTS, § 37:30 (4th ed 2005). Despite their questioning of the ability to enforce provisions of a contract to which they were not a party, the Plaintiffs as claimants under the L&M Bonds must abide by their forum selection clause. The United States District Court in Delaware faced the same question several years ago and concluded as follows:

> The short answer to this contention is that one who seeks to enforce a contract as a third-party beneficiary is bound by the terms and conditions of the agreement and has no greater rights than those of the contracting party through which it claims. *Trans-Bay Engineers & Builders, Inc. v. Hills*, 551 F.2d 370, 378 (D.C.Cir.1976); *Rotermund v. United States Steel Corp.*, 474 F.2d 1139, 1142 (8th Cir. 1973). A third-party simply cannot accept the benefits, and at the same time attempt to avoid the burdens or limitations, of a contract. *Trans-Bay Engineers & Builders, Inc. v. Hills, supra*, 551 F.2d at 378. Moreover, to the extent a third-party beneficiary is in need of safeguards against the selection of a palpably inappropriate forum, that protection is amply supplied by the "reasonableness" requirement. As a practical matter, it is unlikely that a third-party beneficiary will be forced to abide by the terms of an inequitable forum limitations clause.

*Process and Storage Vessels, Inc. v. Tank Service, Inc.* 541 F.Supp. 725, 733 (D.Del. 1982) *aff'd* at 760 F.2d 260 (3d Cir. 1985). The court agrees with this reasoning.

As to the question of enforceability, the Plaintiffs have not produced any argument or circumstances that establish that the forum selection clause at issue is unreasonable or unjust and should not be enforced other than to argue that venue is proper in this district. The forum selection clause chooses a United States District Court contiguous with this district and within the same state, and the

court chosen possesses physical jurisdiction over the site where the "project" was located under the L&M Bonds. Additionally, the United States District Court for the Middle District of Pennsylvania is not so remote of a location that the question of adhesion, fraud, or overreaching could objectively be said to have occurred in the contracting under the L&M Bonds at issue or that such a controversy present before the Court was not considered when the forum selection clause was agreed to by Allied and Liberty. The Court finds that any inconvenience and additional expense in prosecuting this matter in the United States District Court for the Middle District of Pennsylvania is a reasonable and necessary cost which the Plaintiffs must bear in order to seek recovery under the L&M Bonds.

Finally, as to the fourth argument of the Plaintiffs, the Court agrees that while dismissal of this action is permitted under Rule 12(b)(6), a transfer under 28 U.S.C. § 1404(a) to the more proper venue as set forth in the L&M Bonds is the more appropriate action as both this district and the Middle District of Pennsylvania are proper venues for this action pursuant to 28 U.S.C. § 1391(b) and the forum selection clause, respectively. *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 299 (3d Cir. 2001). Therefore, in considering all of the "relevant factors" as required in considering a § 1404 transfer, *see Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879- 880 (3d Cir. 1995), the Court observes the following: beyond the parties' preferences for one or the other of the two district courts within Pennsylvania, 1) transfer to the Middle District of Pennsylvania will be at most a minor inconvenience for the parties and witnesses as it appears they are spread between this district and the Middle District and possibly Virginia; 2) the interests of justice are served as the Middle District is an appropriate forum just as this district is; 3) the Middle District is the situs of each of the projects in question and the claim arose there from work performed by the Plaintiffs in the Middle District thus making it a local

controversy for that district; 4) the records in question will also likely be spread between the Western and Middle Districts of Pennsylvania and in Virginia as well; 5) the Plaintiffs are third party beneficiaries to the contracts at issue and are in fact maintaining this civil action based upon the terms of such contracts, which include the forum selection clause selecting the Middle District of Pennsylvania and, therefore, the Court believes that although Plaintiffs did not contract to select the Middle District of Pennsylvania as a forum, they have not met their burden to demonstrate why certain provisions of the contract should operate to give them a surety while they should not equally be bound by the forum selection clause which establishes the Middle District of Pennsylvania as the appropriate forum for this civil action.

The Court also recognizes that the Plaintiffs' choice of forum carries weight, but both district courts are capable of entertaining the contractual issues in Count II of the Complaint. A clear balancing of these factors weighs in favor of transfer of the Plaintiffs' action under Count II to the United States District Court for the Middle District of Pennsylvania as the relevant facts have not overcome the "substantial consideration" to be afforded the valid forum selection clause found in the L&M Bonds. *See Jumara v. State Farm Inc. Co.*, 55 F.3d 873, 882-883 (3d Cir. 1995).

### Porter's Motion

The Court notes that there is another outstanding motion in this matter: Motion to Dismiss Pursuant to the Federal Rules of Civil Procedure 12 (b)(6) of Defendant, Eric Porter. (Document No. 30). The Plaintiffs have not replied to this motion within the twenty days alotted by this Court's Practices and Procedures for motions. Porter, who is alleged in the complaint to be president and an

officer of TQA , C. ¶ 9, moves to dismiss based on the fact that the Plaintiffs have failed to properly plead facts rather than legal conclusions, that would support an alter ego or piercing of the corporate veil theory which would allow them to proceed against Porter as an individual. The Court agrees: the Plaintiffs only allege that Porter is president and an officer of TQA, which in itself is insufficient to establish liability under ERISA. *Solomon v. Klein*, 770 F.2d 352, 354 (3d Cir. 1985). The Plaintiffs also allege that Porter is the alter ego of TQA in paragraph eighteen of the Complaint but this conclusory legal allegation is insufficient to survive a Rule 12 (b)(6) motion to dismiss. *See Morse and Pennsylvania House, Inc., supra.* For these reasons and the Plaintiffs' failure to respond to this motion, Porter's motion to dismiss is granted without prejudice to the Plaintiffs to amend Count I as to Porter regarding these allegations of alter ego or piercing the corporate veil.

With partial dismissal without prejudice on Count I, and transfer of the claims in Count II to the United States District Court for the Middle District of Pennsylvania, the Court must consider transfer of the remainder of this civil action at Count I as well. The consideration of the transfer of venue is permissible by a court *sua sponte*. *See Garcia v. Pugh*, 948 F.Supp. 20, 23 n. 5 (E.D.Pa. 1996). Pursuant to 28 U.S.C. § 1404(a), the Court finds that the interests of justice require that the two counts in this matter be tried together and that it would be more convenient for the parties and witnesses, as well as judicially and economically efficient for the federal court system and the parties, to try this matter in one district court rather than between two separate district courts. Therefore, the Court will order the transfer of the Plaintiffs' remaining claims under Count I along with the their claims under Count II to the United States District Court for the Middle District of Pennsylvania.

**AND NOW**, this 30th day of March, 2006, this matter coming before the Court on the Defendant Liberty Mutual Insurance Company's Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 7) and Defendant Porter's Motion to Dismiss Pursuant to The Federal Rules of Civil Procedure, Rule 12(b)(6) (Document No. 30), in accordance with the foregoing Memorandum Opinion IT IS HEREBY ORDERED THAT: 1) Liberty Mutual Insurance Company's Motion to Dismiss is GRANTED IN PART WITH PREJUDICE as to the legal basis for its motion and DENIED IN PART as to its claim for dismissal; and 2) Porter's Motion to Dismiss is GRANTED WITHOUT PREJUDICE to the Plaintiffs amending their complaint on or before April 20, 2006 to properly plead a claim of alter ego or piercing the corporate veil theory.

IT IS FURTHER ORDERED THAT pursuant to 28 U.S.C. § 1404(a) the Clerk of Court shall forthwith transfer this civil action to the United States District Court for the Middle District of Pennsylvania for all further proceedings.

**BY THE COURT:**

*[signature]*

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

12